UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:17-cv-00732-RAL-TBM

LANICE K. GLOVER,

    Plaintiff,

v.

HOMEGOODS, INC.,

    Defendant.

_____/

**DEFENDANT'S ANSWER & STATEMENT OF DEFENSES
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, HOMEGOODS, INC., ("Defendant"), by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff LANICE K. GLOVER's ("Plaintiff") Complaint and Demand for Jury Trial.

### Introduction[1]

1. Defendant admits that Plaintiff purports to bring an action against Defendant for race discrimination and retaliation, but it denies that Plaintiff is entitled to any of the relief sought.

2. Upon information and belief, Defendant admits only that Plaintiff filed an EEOC Charge in 2014, and it denies all remaining allegations and legal conclusions set forth in Paragraph 2 of the Complaint.

---

[1] For clarity and organizational purposes only, Defendant adopts the headings and numbering used in Plaintiff's Complaint and Demand for Jury Trial. Defendant notes that the allegations and legal conclusions set forth in Plaintiff's Complaint are not numbered consecutively.

3. Upon information and belief, Defendant admits only that Plaintiff filed an EEOC Charge in 2015, and it denies all remaining allegations and legal conclusions set forth in Paragraph 3 of the Complaint.

4. Defendant admits only that Plaintiff received two Notices to Sue letters from the EEOC, and it denies without knowledge all remaining allegations and legal conclusions set forth in Paragraph 4 of the Complaint.

**Parties**

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and, therefore denies same.

5. Defendant admits that Defendant is a foreign profit corporation incorporated in the state of Delaware and operates retail merchandise stores throughout the United States of America, including Hillsborough County, Florida, but it denies as stated all remaining allegations and legal conclusions set forth in Paragraph 5 of the Complaint.

**Jurisdiction and Venue**

10. The allegations set forth in Paragraph 10 of the Complaint state a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant admits only that venue is proper in the Middle District of Florida. Defendant denies all remaining allegations and legal conclusions set forth in Paragraph 10 of the Complaint.

11. The allegations set forth in Paragraph 11 of the Complaint state a legal conclusion and require no response from Defendant.  To the extent a response is required, Defendant admits that it previously employed Plaintiff.  Defendant denies as stated all remaining legal conclusions set forth in Paragraph 11 of the Complaint.

**Factual background**

12.     Defendant denies the allegations and legal conclusions set forth in the first and second sentences of Paragraph 12 of the Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 12 of the Complaint, and, therefore denies same.

13.     Defendant denies the allegations and legal conclusions set forth in Paragraph 13 of the Complaint.

14.     Defendant denies as stated the allegations and legal conclusions set forth in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations and legal conclusions set forth in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations and legal conclusions set forth in Paragraph 16 of the Complaint.

17.     Defendant admits only that there were no promotional opportunities to the Key Carrier and Assistant Store Manager positions within the Tampa, Florida HomeGoods store between April of 2012 and December 9, 2012. The remaining allegations of pretext set forth in Paragraph 17 of the Complaint state a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant denies all legal conclusions set forth in Paragraph 17 of the Complaint.

18.     Defendant admits only that Plaintiff transferred to the Brandon, Florida HomeGoods store, and it denies as stated the remaining allegations and legal conclusions set forth in Paragraph 18 of the Complaint.

19. Defendant admits only that Plaintiff requested to be transferred back to the Tampa HomeGoods store, and it denies without knowledge Plaintiff's allegation that an employee stole a weapon from her vehicle. Defendant denies all remaining allegations and legal conclusions set forth in Paragraph 19 of the Complaint.

20. Defendant admits only that Plaintiff's request to transfer back to the Tampa HomeGoods store was granted, and Plaintiff transferred back to the Tampa HomeGoods store on September 8, 2013. Defendant denies as stated all remaining allegations and legal conclusions set forth in Paragraph 20 of the Complaint.

21. Defendant admits only that Plaintiff expressed an interest in promotional opportunities, but it denies all remaining allegations and legal conclusions set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations and legal conclusions set forth in Paragraph 22 of the Complaint.

### Count I: Alleged Race Discrimination

23. Defendant reasserts and realleges its responses to Paragraphs 1 through 22 of the Complaint inclusively and incorporates them by reference as though set forth fully herein.

24. Defendant denies the allegations and legal conclusions set forth in Paragraph 24 of the Complaint.

### Count II: Alleged Retaliation

25. Defendant reasserts and realleges its responses to Paragraphs 1 through 22 of the Complaint inclusively and incorporates them by reference as though set forth fully herein.

26. Defendant denies the allegations and legal conclusions set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations and legal conclusions set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations and legal conclusions set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations and legal conclusions set forth in Paragraph 29 of the Complaint.

30. Defendant denies as stated the allegations and legal conclusions set forth in Paragraph 30 of the Complaint.

31. Defendant denies as stated the allegations and legal conclusions set forth in Paragraph 31 of the Complaint.

32. Defendant admits only that Plaintiff was invited to participate in training opportunities, and it denies as stated all remaining allegations and legal conclusions set forth in Paragraph 32 of the Complaint.

33. Defendant denies as stated the allegations and legal conclusions set forth in Paragraph 33 of the Complaint.

34. Defendant denies as stated the allegations and legal conclusions set forth in Paragraph 34 of the Complaint.

35. Defendant denies as stated the allegations and legal conclusions set forth in Paragraph 35 of the Complaint.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and, therefore denies same.

37.     Defendant denies the allegations and legal conclusions set forth in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations and legal conclusions set forth in Paragraph 38 of the Complaint.

### Prayer for Relief

In response to the WHEREFORE clause, and its subparts (a) through (g), following Paragraph 38, Defendant denies that Plaintiff is entitled to any relief. Furthermore, Defendant denies all allegations and legal conclusions not specifically admitted herein, *supra*.

### STATEMENT OF DEFENSES

As separate defenses, and without conceding that Defendant bears the burden of proof of persuasion as to any of them, Defendant alleges as follows:

1.      Plaintiff's claims and/or damages are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination and/or retaliation, which Defendant denies, Defendant would have reached the same decision, absent any alleged discrimination and/or retaliation.

2.      Plaintiff's claims fail, in whole or in part, because all actions by Defendant were in good faith, with good cause, without retaliatory motive, malice or intent to discriminate, and were based on legitimate, non-discriminatory, non-retaliatory grounds.

3.      Plaintiff's claims of discrimination and/or retaliation for declaratory relief and damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm. For example, Plaintiff's failed to participate in and/or complete training, to utilize Defendant's

Open Door Policy, and to report any alleged discrimination or retaliation in accordance with Defendant's policies and procedures.

4. Plaintiff's claims for monetary relief and damages are barred or reduced to the extent that Plaintiff failed to mitigate her damages. Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

5. To the extent it is discovered that Plaintiff engaged in misconduct, violation of Defendant's policies, or other conduct that would have resulted in her termination by Defendant, would have precluded her from obtaining employment with Defendant, and/or would have affected the promotional opportunities available to Plaintiff, Plaintiff is subject to the after-acquired evidence doctrine and limited in her recovery of remedy.

6. Plaintiff's punitive damages claim is barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of punitive damages, and Plaintiff fails to allege any facts that would support the imposition of punitive damages. Pursuant to *Kolstad v. American Dental Association*, 527 U.S. 529 (1999), an employer should not be subject to liability for punitive damages where it made good-faith efforts to prevent discrimination and/or retaliation and to remedy promptly any discriminatory/retaliatory treatment of its employees. Defendant has made good faith efforts to prevent discrimination and retaliation in its workplace, and thus cannot be liable for the decisions of its agents, to the extent that the challenged employment decisions were contrary to its efforts to comply with applicable law.

7. To the extent that any of the individuals alleged to have discriminated and/or retaliated against Plaintiff engaged in any of the conduct described in the Complaint, which Defendant denies, such actions were outside the scope of their employment, were contrary to the

policies and directives of Defendant, and were not done in furtherance of Defendant's business interests. Plaintiff is not entitled to recover any compensatory, general or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

8. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of her Charge(s) of Discrimination, and/or to the extent that she failed to satisfy jurisdictional prerequisites for suit.

9. Some or all of Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

10. Plaintiff's claims may be barred by the doctrines of estoppel, waiver, unclean hands and/or laches.

Defendant reserves the right to amend or add any additional defenses or counterclaims that may become known during the course of investigation and discovery.

Dated this 17th day of May, 2017.   Respectfully submitted,

BY: /s/ *Elaine W. Keyser*
Elaine W. Keyser, Esq.
Florida Bar No. 013606
E-mail: ekeyser@littler.com
Secondary: kljackson@littler.com
Alexandra Blanco, Esq.
Florida Bar No. 106874
E-mail: alblanco@littler.com
Secondary: bdonet@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Tower
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been furnished to Frank M. Malatesta, Esq. at frank@malatestalawoffice.com via either the Florida Court's E-filing portal or, if not authorized to receive such notices, via email, on May 17, 2017.

By: /s/ *Elaine W. Keyser*
Elaine W. Keyser, Esq.

## SERVICE LIST

**ATTORNEYS FOR PLAINTIFF**

Frank M. Malatesta, Esq
Florida Bar No. 0097080
E-mail:
frank@malatestalawoffice.com
MALATESTA LAW OFFICE
871 Venetia Bay Blvd.
Suite 220
Venice, FL 34285
Telephone: (941) 256-3812
Facsimile: (888) 501-3865


**ATTORNEYS FOR DEFENDANT**

Elaine W. Keyser, Esq.
Florida Bar No. 013606
E-mail: ekeyser@littler.com
Secondary: kljackson@littler.com
Alexandra Blanco, Esq.
Florida Bar No. 106874
E-mail: alblanco@littler.com
Secondary: bdonet@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552